IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COREY COYETT MITCHELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:01-CR-185-A |
| | § | (NO. 4:05-CV-407-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Corey Coyett Mitchell to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The court, having considered the motion, the record, including the record in No. 4:01-CR-185-A, and applicable authorities, finds that the motion should be summarily denied and that United States of America need not respond.  See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

I.

History

On November 14, 2001, petitioner and a co-defendant were named in a two-count indictment and, on March 13, 2002, in a six-count superseding indictment.  Petitioner was charged in the superseding indictment in Count Four with robbery, in violation of 18 U.S.C. § 2113(a), in Count Five with using and carrying a firearm in relation to the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I), and in Count Six with

knowingly brandishing a firearm during and in relation to the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On March 28, 2003, petitioner pleaded guilty to Counts Four and Five of the superseding indictment.  On June 27, 2003, petitioner was sentenced to a term of imprisonment of 108 months on Count Four of the superseding indictment and a term of imprisonment of 84 months on Count Five of the superseding indictment, the sentences imposed to run consecutive to each other, to be followed by a three-year term of supervised release as to Count Four and a five-year term of supervised release as to Count Five of the superseding indictment, the terms of supervised release to run concurrently.  Petitioner was also ordered to pay restitution in the amount of $97,403.66 and a $200.00 special assessment.  The original indictment and Count Six of the superseding indictment were dismissed as to petitioner on motion of the government.  Petitioner appealed and the United States Court of Appeals for the Fifth Circuit affirmed the judgment and sentence.  United States v. Mitchell, 366 F.3d 376 (5th Cir. 2004).  His petition for writ of certiorari was denied.  Mitchell v. United States, 125 S. Ct. 110 (2004).

## II.

### Grounds of the Motion

Petitioner urges two grounds in support of his motion.  First, he contends that he was denied effective assistance of counsel.  And, second, he urges that he was subject to an

unlawful sentencing procedure that violated his Sixth Amendment right to a trial by jury.

### III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947).  Here, petitioner has not made any showing of cause.[1]

---

[1] Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed
(continued...)

IV.

Ground Barred

To the extent that petitioner's second ground seeks to attack the six-level increase he received because one of the robbery victims sustained a permanent bodily injury, such claim was raised on direct appeal and cannot be pursued here. Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979). To the extent that any other argument in support of the ground should have been raised, petitioner has not shown cause and prejudice as required. Shaid, 937 F.2d at 232. The ground has no merit in any event.

Petitioner's second ground is devoted to an argument that his sentence is unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), because the court found facts that were not alleged in the indictment. Petitioner was well aware of the sentence he faced as a result of his conduct. Both the plea agreement and factual résumé informed him that he faced a term of imprisonment of not more than twenty years as to Count Four and a term of imprisonment of not less than five years or more than life as to Count Five of the superseding indictment. Appeal R. at 74 & 81. As petitioner was sentenced within the statutory maximum, there is no Apprendi issue. See Apprendi v. New Jersey, 530 U.S. 466 (2000). Nor is petitioner entitled to any relief under Blakely or United States v. Booker, 125 S. Ct.

---

[1](...continued)
infra, petitioner has failed to demonstrate that he received such ineffective assistance.

738 (2005).  See United States v. Mares, 402 F.3d 511, 519-21 (5th Cir. 2005).

V.

Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697.  To establish the first prong, petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.  It is not enough to show that some, or even most, defense lawyers would have handled the case differently. Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir.), cert. denied, 493 U.S. 831 (1989).  For the second prong, petitioner must show that his counsel's errors were so serious as to "deprive him of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  If the petitioner cannot show that the ineffectiveness of counsel deprived him of a substantive or procedural right to which the law entitles him, he must show that the result of the proceeding was fundamentally unfair or unreliable. Williams v. Taylor, 529 U.S. 362, 392-93 (2000).  Here, the record is clearly adequate to

fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. <u>Baldwin v. Maggio</u>, 704 F.2d 1325, 1329 (5th Cir. 1983), <u>cert. denied</u>, 467 U.S. 1220 (1984).

Petitioner devotes a substantial portion of his brief to an argument that he received ineffective assistance of counsel. However, he fails to point out any respect in which his counsel was deficient. Most of his argument is based on the misimpression that the court was limited to the facts detailed in the plea agreement and factual résumé in determining the proper sentence. To the extent petitioner's allegations are conclusory, they are insufficient to support a claim of ineffective assistance of counsel. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000). Petitioner has not shown that he was deprived of any substantive or procedural right, much less that the result of the proceeding was fundamentally unfair or unreliable. <u>Williams</u>, 529 U.S. 392-93.

## VI.

### Order

For the reasons discussed herein,

The court ORDERS that petitioner's motion to vacate, set aside, or correct sentence be, and is hereby, summarily denied.

SIGNED June __28__, 2005.

                                                             /s/ John McBryde
                                                          JOHN McBRYDE
                                                          United States District Judge